UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 19-153 (RCL)(GMH) |
| | : | |
| CHARLES GENERAL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### Introduction

Charles General is a twenty-nine year old male with a criminal history that consists of a prior conviction for Carrying a Pistol Without a License. The defendant has now been charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).

Mr. General has previously been convicted of a felony offense, however, his criminal conduct has remained undeterred as evidenced by his possession of a loaded firearm after being recently placed on a period a Youth Act Rehabilitation supervised probation. For these reasons,

the government submits that the defendant should be held without bond pending trial to ensure the safety of the community.

### Procedural History and Applicable Authority

At the initial appearance on May 9, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The Court set a detention hearing for Tuesday, May 14, 2019.

On May 10, 2019, a grand jury returned an indictment charging the defendant with the above-referenced offense. The government contends that the defendant is a danger to the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Mr. General should be detained. *See* 18 U.S.C. § 3142(e)(1).

### Nature and Circumstances of the Offenses Charged

On Wednesday, May 8, 2019 at approximately 8:54 P.M., members of the Metropolitan Police Department's Narcotics and Special Investigation Division Gun Recovery Unit, were walking in the courtyard in front of 1437 Cedar Street, S.E., Washington, D.C., when they observed two individuals exit the apartment building.

Law enforcement made contact with an individual, later identified as the defendant Charles General. Officers Torres and Wright greeted the defendant and then asked him if he had any weapons on him. The defendant advised that he had some weed on him and produced it to the officers. Officer Wright asked the defendant if he could pat him down, and the defendant replied, "You can pat my pockets. You can pat my back pockets." Officer Wright then conducted a pat down of the defendant and as Officer Wright began to pat the defendant's right rear pocket, the officer felt a hard metallic object that the officer immediately recognized to be a firearm. The defendant was then placed in handcuffs. Officer Wright then recovered a firearm from the defendant's underwear. The defendant was placed under arrest for Carrying a Pistol without a License and was transported for processing.

The firearm was identified as black Smith & Wesson, .380 caliber handgun and was loaded with one (1) round in the chamber and ten (10) rounds in an unknown round capacity magazine. During his custodial interview, the defendant waived his *Miranda* rights verbally and in writing and agreed to answer questions. The defendant advised that he was under the influence of marijuana, but was coherent. The defendant admitted that he was carrying the firearm for protection and that it was concealed inside his clothing. He further advised that he had the firearm for approximately one year.

3

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that the defendant was illegally in possession of a loaded firearm. The nature of this offense therefore weighs in favor of detention.

### Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is quite strong. As set forth above, law enforcement recovered a firearm from the defendant's person after he consented to a pat down. Specifically, the loaded firearm was recovered from inside the defendant's clothing near the crotch area. The recovery of the firearm was captured on body worn camera footage. The firearm was loaded with one round in the chamber and ten rounds in the magazine. After being provided his *Miranda* rights during his custodial interview, the defendant admitted to carrying the loaded firearm for protection.

### Mr. General's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. The defendant was on supervision in relation to a conviction for Carrying a Pistol Without a License charged in D.C. Superior Court. Specifically, the defendant was sentenced on January 11, 2019, just four months prior to the charged offense, to a twelve (12) month suspended sentence pursuant to the Youth Rehabilitation Act, followed by one year of supervised probation. The defendant was being supervised at the maximum level, with a supervision period of January 11, 2019 through January 10, 2020. In a very short period of time, the defendant has been rearrested on a similar offense, this time while on supervision. The government further notes that

an Alleged Violation Report was filed in the supervision case on March 19, 2019, predating the instant offense and requesting a show cause hearing. The defendant should not be released.

### Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a loaded firearm despite being legally barred from such possession, while on supervision for a short period in prior gun case. The firearm that the defendant possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community. The defendant's criminal history and possession of a loaded firearm while on court ordered supervision, overwhelmingly demonstrate that he is a danger to the community. In order to protect the community, the defendant should be held without bond pending trial.

### Conclusion

The Court should grant the government's motion to detain Mr. General pending trial because he has demonstrated that he is a danger to the community.

Respectfully submitted,

>JESSIE K. LIU
>UNITED STATES ATTORNEY
>D.C. Bar No. 472-845

By:     /s/
>LISA NICOLE WALTERS
>D.C. Bar No. 974-492
>Assistant United States Attorney
>555 Fourth Street, N.W., Fourth Floor
>Washington, D.C. 20530
>Telephone: (202) 252-7499
>E-mail: Lisa.Walters@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel Dani Jahn, via the Electronic Case Filing (ECF) system, this 13th day of May, 2019.

>_____/s/_____
>LISA NICOLE WALTERS
>Assistant United States Attorney